## RIDEOUT *v.* NEWTON & a.

An offer to compromise cannot be given in evidence to prove the signature of a note, although made under the advice of a friend to make such an offer if the note in question was actually signed by him, otherwise not. Nor though the offer so made was accepted by the plaintiff, and afterwards withdrawn.

One who has a mortgage of property previously attached, has an interest to defeat the action in which the attachment was made, and therefore is not a competent witness on the trial of it.

One who has once seen a party write, is a competent witness to prove the genuineness of his signature.

ASSUMPSIT on a note, dated on the eighth day of August, 1843, for $50, purporting to be made by the defendants to the plaintiff.

There was no service upon Levi H. Newton, and Elbridge G. Newton pleaded the general issue, denying that he ever signed the note. Among other witnesses produced by the plaintiff to prove the signature to be genuine, was one who testified that he never saw the said Elbridge write but once, and then only to receipt a bill which he presented against the witness. To the competency of this witness to give an opinion as to the genuineness of the signature

on the note, the defendant objected, but the court admitted him.

The plaintiff offered further evidence to show that the defendants had been connected in business to some extent, and that at the time of the service of the writ the plaintiff had other demands, amounting to some one or two hundred dollars, against Levi H. Newton, for which he claimed payment, but had no other writ but this, and that Elbridge (Levi not being present), asked a person present to advise him as to the propriety of compounding with the plaintiff for the whole, and was advised that "if this note was a genuine one, to offer the plaintiff a sum to settle the whole; but if the note was a forgery, not to pay a cent"; that Elbridge afterwards offered $25, and on being told by the witness that that was not enough, he offered $50, and then $75, which was accepted by the plaintiff; and Elbridge agreed to go on the next morning and settle it; but instead of doing as he promised, went and mortgaged his property to another person. To the admission of this evidence the defendant objected, but the court admitted it. The defendant then called Elbridge Gould as a witness to disprove the genuineness of the signature; to the admission of whom the plaintiff objected, on account of interest; and, to show his interest, offered a copy of a mortgage from the defendant to the witness, of the same description of property which had been previously attached on this writ, as the return thereon showed, and the declaration of the defendant that it was the same property so attached; and thereupon the court ruled that the witness was interested, and excluded him; to which ruling the defendant objected. The jury returned a verdict for the plaintiff, and the defendant moved to set it aside and for a new trial, for the reasons above appearing.

*Fletcher*, with whom was *Farley*, for the defendant. The offer of a compromise is not admissible in evidence, if not

accepted. No fact is admitted by this offer. *Hamblett* v. *Hamblett*, 6 N. H. Rep. 333.

*Dudley*, for the plaintiff. Compromise may be proved, and offer to compromise, if it embrace an admission of a pertinent fact. 1 M. & M. 446; 4 N. H. Rep. 508; 4 Pick. Rep. 374; 2 do. 290; 2 Stark. on Ev. 87. The admission here is that he signed the note. The acts accompanying the offer of compromise, and the conversations with the witness, amount to such an admission.

GILCHRIST, J. The principle may be considered as having been settled in this State by the cases of *Hamblett* v. *Hamblett*, 6 N. H. Rep. 333, and *Sanborn* v. *Neilson*, 4 N. H. Rep. 508, that a distinct admission of a fact, made by a party during an attempt at compromise, may be given in evidence against the party making it, though an offer made for the purpose of effecting a settlement cannot. The reason is, that such admissions are in no way necessary to a treaty for a compromise, which is a mere attempt to buy a peace, and are supposed to be made, like other admissions, and for some one of the various causes which induce them. But the law protects a party seeking to purchase his peace, by denying to his adversary the benefit of any inferences that might be derived from an attempt to do so, that the cause of action which he seeks to compromise has some foundation in truth.

In this case, the defendant, upon being advised to make an offer, provided his signature to the note was genuine, but not otherwise, proceeds to make the offer. It is said that this offer may be shown, because it is highly probable, from the advice he received, that he would not have made it unless the signature was so. But it has been shown that such a reason would extend to the admission of any other offer of compromise, because such offers are more apt to be made in cases in which the party making

them is conscious that the cause of his adversary is well founded, than in the opposite cases. The fact that he acted upon advice which he had sought may add a very little to the force of such an inference as is contended for; but too little altogether to make the case an exception to the highly salutary, well defined and established rule. Nor is it apparent that acceptance of the offer by the plaintiff relieves the case from the operation of the rule. It was retracted by the defendant, and the treaty never ripened into an accord and satisfaction that could have been set up by either side. It never proceeded so far as to assume a different character than that of a mere negotiation, which was broken off before it could be brought to a conclusion.

We are therefore of opinion that the evidence of the offer, although accompanied with the evidence of the previous consultation, and of the subsequent acceptance and retraction, was subject to the same objections that exist in relation to offers of this sort in general, and was improperly admitted.

There is no rule of law that requires that a witness, called to prove the hand-writing of a party, should have seen the party write a large number of times. Hand-writing, like the countenance, form, gait, and gesture of a party, is recognized by some more readily than by other witnesses, and is in some persons marked by more decisive and obvious peculiarities than in others. All that is requisite is, to ascertain whether the witness has seen hand-writing which, by an infallible test, he knows to be that of the party; and then he must upon his oath declare if the writing exhibited appears to him to be that of the same party. . The weight to be attached to such testimony must depend upon the ordinary tests of knowledge, the capacity of the witness, and his disposition to tell the truth, and the means that have been afforded him, whether from the intrinsic nature of the subject itself, or the familiarity of the witness with it, to acquire the information he assumes to have. The

witness to the genuineness of the defendant's signature to the note was therefore properly admitted.

Elbridge Gould had a mortgage of the property attached, and which, being subsequent, was of course subject to the attachment. He had, therefore, an obvious motive to defeat the action, because the property on which he relied to secure the condition of his mortgage, would, by that event, be disincumbered of the prior claim. He was therefore properly excluded.

The verdict must be set aside on account of the admission of evidence of the offer to compromise.

*New trial granted.*